[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 03, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14528
Non-Argument Calendar

_____

D. C. Docket No. 06-80070-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD GAMBLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 3, 2009)**

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Ronald Gamble appeals the district court's denial of his motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines. For the reasons set forth below, we affirm.

**I.**

Gamble pled guilty to possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The government filed a substantial assistance motion, pursuant to § 5K1.1. The district court set Gamble's base offense level at 30, pursuant to U.S.S.G. § 2D1.1(c), and applied a 3-level reduction, pursuant to U.S.S.G. § 3E1.1. The district court set Gamble's criminal history category at IV. The district court determined that, with a total offense level of 27 and a criminal history category of IV, Gamble's guideline imprisonment range was 100 to 125 months. The district court acknowledged, however, that Jones had a prior drug conviction, such that his statutory mandatory range of imprisonment was ten years to life, pursuant o 21 U.S.C. § 841(b)(1)(B). The district court concluded, therefore, that Gamble's guideline imprisonment range was 120 and 125 months' imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2). The district court then granted the government's § 5K1.1 downward departure motion and sentenced Gamble to 60 months' imprisonment. On March 31, 2008, Gamble submitted the instant § 3582(c)(2) motion. The district court denied Gamble's

motion for reduction of sentence, reasoning that:

> [Gamble] was subject to a 10 year minimum mandatory sentence. As such, [Gamble] is not entitled to the 2 level reduction. Amendment 706 does not apply in this case. Though [Gamble] received a sentence reduction pursuant to [§ 5K1.1], such reduction does not have the effect of altering the original guideline calculation.

## II.

We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the sentence was determined using a guideline imprisonment range that retroactive amendments to the Guidelines have reduced. 18 U.S.C. § 3582(c).

The commentary to the Guidelines instructs that a defendant is not eligible for a § 3582(c)(2) reduction "if the amendment [in question] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)" U.S.S.G. § 1B1.10, comment. (n.1(A)). In a recent published case, United States v. Williams, No. 08-12475, slip op. at 452-55 (11th Cir. Nov. 26, 2008), we held that this principle applied even where the district court departed downward from a statutory mandatory minium term of

3

imprisonment pursuant to a § 5K1.1 motion. We reasoned that, (1) given the statutory mandatory minimum term of imprisonment, the "district court's point of departure would not shift as a result of [Amendment 706's] lowering of the crack offense levels"; and (2) "the decreased sentence [imposed pursuant to the § 5K1.1 motion] should [not] be read to somehow eliminate the otherwise applicable mandatory minimum." Id. at 454-55. We concluded that "[b]ecause [the defendant] was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure." Id. at 455-56.

### III.

The district court did not err in denying Gamble's § 3582(c)(2) motion. See Moore, 541 F.3d at 1326. Gamble was sentenced pursuant to a statutory mandatory minimum term of imprisonment, and departure therefrom pursuant to a substantial assistance motion, rather than a guideline imprisonment range that ultimately was altered under Amendment 706. See U.S.S.G. § 1B1.10, comment. (n.1(A)); Williams, No. 08-12475, slip op. at 452-55. Accordingly, we affirm.

**AFFIRMED.**