[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12585
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00024-CR-01-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS B. HALE,
a.k.a. DW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 17, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Marcus Hale, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for a reduced sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 2005, a federal grand jury returned an indictment against Hale, charging him with: conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) (Count 1); and 4 counts of possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Counts 2-5). The government filed an information under 21 U.S.C. § 851, notifying the court that Hale had been convicted of a felony drug offense in Georgia in 2003, which would enhance Hale's sentence. Pursuant to a written plea agreement, Hale pled guilty to Count One in the indictment.

The probation officer prepared a pre-sentence investigation report ("PSI") and calculated Hale's applicable guideline range as follows. The probation officer found that Hale was responsible for 108.8 grams of crack cocaine, which gave him a base offense level of 32 under the Drug Quantity Table in U.S.S.G. § 2D1.1(c)(4). The probation officer awarded Hale a 3-level reduction for acceptance of responsibility, thus giving him a total offense level of 29. The

probation officer determined that Hale had a criminal history category of III, which was based in part on his 2003 conviction for possession of cocaine. An offense level of 29 and a criminal history category of III gave Hale an applicable guideline range of 108-135 months' imprisonment. However, the probation officer found that Hale was subject to the statutory mandatory minimum sentence of 240 months' imprisonment.

Before sentencing, the government filed a motion for a downward departure based on Hale's substantial assistance, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). At sentencing, the district court adopted the PSI, granted the government's substantial-assistance motion, and sentenced Hale to 160 months' imprisonment. Hale did not appeal his sentence.

On April 17, 2008, Hale filed the instant pro se motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Hale argued that Amendment 706 to the Sentencing Guidelines reduced his base offense level, thereby rendering him eligible for a sentencing reduction. Hale also requested the district court to reconsider the factors under 18 U.S.C. § 3553(a) in determining his reduced sentence.

The district court denied Hale's motion, finding that he was ineligible for a sentencing reduction under § 3582(c)(2). Specifically, the court found that Hale's

sentence was not based on a sentencing range that was subsequently lowered by Amendment 706 because "it was based on the applicable statutory mandatory minimum sentence" and "the value and extent of his cooperation . . . ." In this respect, the court found that reducing Hale's sentence would contradict Application Note 1(A) to U.S.S.G. § 1B1.10, which prohibited reductions where the defendant's sentence was not subsequently lowered due to the application of a statutory mandatory minimum sentence. This appeal followed.

## II.

"In a § 3582(c)(2) proceeding, we review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. We review <u>de novo</u> questions of statutory interpretation." <u>United States v. Moore</u>, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotations and citation omitted), <u>cert. denied</u>, __ S.Ct. __, (No. 08-7610) (Jan. 12, 2009).

Section 3582(c) provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that –

. . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of

4

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The Sentencing Commission's recently revised policy statement on retroactive amendments to the Guidelines similarly provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (made effective on March 3, 2008, by Amendment 712). This policy statement emphasizes that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In this regard, Application Note 1(A) to § 1B1.10 explains that a reduction under § 3582(c)(2) is not authorized if the "amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory

5

minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)(ii)).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706. The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

## III.

In this case, the application of Amendment 706 would result in a two-level reduction in Hale's base offense level. This is so because the sentencing court held Hale accountable for 108.8 grams of crack cocaine, which gave him a base offense level of 32 under the version of § 2D1.1(c) in effect at the time of sentencing. However, under the amended version of § 2D1.1(c), a drug quantity of 108.8 grams of crack cocaine would give Hale a new base offense level of 30. U.S.S.G. § 2D1.1(c)(5). After re-applying the 3-level reduction for acceptance of responsibility, Hale would have a new total offense level of 27 which, coupled with his criminal history category of III, would give him an amended guideline range of 87-108 months' imprisonment. See U.S.S.G. Ch. 5, Pt. A.

However, despite Amendment 706, Hale would remain subject to the statutory mandatory minimum sentence of 240 months' imprisonment under § 841(b)(1)(A) as a result of his prior felony drug conviction.[1]  See 21 U.S.C. § 841(b)(1)(A)(iii) (providing for a mandatory minimum sentence of 20 years' imprisonment where the defendant's offense involved 50 grams or more of crack cocaine and the defendant had a prior conviction for a felony drug offense).  Critically, because the high-end of Hale's would-be amended guideline range (108 months) remains lower than the statutory minimum sentence (240 months), Hale's final applicable guideline range would again become the statutory minimum sentence.  See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  In other words, while Amendment 706 would retroactively reduce Hale's offense level, it would not ultimately affect his guideline range under § 5G1.1(b), as that range is determined by the statutory minimum sentence, not the applicable base offense level from § 2D1.1.

For that reason, we have recently concluded that a defendant in Hale's position – who is sentenced based on the statutory mandatory minimum, rather

---

[1]  Hale does not dispute that he had a prior felony drug conviction within the meaning of § 841(b)(1)(A).

than § 2D1.1, and who receives a downward departure – is ineligible for a sentencing reduction under § 3582(c)(2). United States v. Williams, 549 F.3d 1337, 1342 (11th Cir. 2008). Thus, under Williams, Hale was not eligible for a sentencing reduction. As Hale was not eligible for a reduction, the district court was not required to re-calculate his amended guideline range or consider the § 3553(a) factors. Accordingly, we affirm.

**AFFIRMED.**