[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15465
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00136-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIOUS E. CRAWFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Cornelious E. Crawford, a federal prisoner convicted of crack cocaine

offenses, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify the term of imprisonment of an already incarcerated defendant if the defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Moore, 541 F.3d at 1330; see also U.S.S.G. § 1B1.10(a)(2)(B). Crawford's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which lowered most of the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses.

The district court did not err in concluding that Crawford was ineligible for a § 3582(c)(2) reduction. At his original sentencing, Crawford's initial guidelines range, based on § 2D1.1(c)'s drug quantity table, was 210 to 262 months' imprisonment. However, Crawford was subject to a statutory mandatory minimum

---

[1]We review de novo a district court's legal conclusions regarding its authority to modify a sentence under § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, Moore v. United States, ___ S. Ct. ___, 2009 WL 301854 (Mar. 9, 2009).

sentence of twenty years, pursuant to 21 U.S.C. § 841(b)(1)(A). Accordingly, Crawford's guidelines range became 240 to 262 months. See U.S.S.G. § 5G1.1(c) (providing that a sentence may be imposed "at any point within the applicable guideline range" so long as the sentence "is not less than any statutorily required minimum sentence"). The district court imposed the statutory mandatory minimum 240-month sentence.

In short, Crawford's 240-month sentence was not based on the amount of crack cocaine attributed to him, but rather on the statutory mandatory minimum. See United States v. Williams, 549 F.3d 1337, 1339-40 (11th Cir. 2008) (concluding that defendant sentenced to statutory mandatory minimum is not eligible for sentence reduction because Amendment 706 had no effect on the statutory mandatory minimum sentence). Thus, even though Amendment 706 lowered the base offense level for Crawford's crack cocaine offense, Crawford's sentencing range remained 240 months by virtue of the statutory mandatory minimum. Because Amendment 706 had no effect on Crawford's sentencing range, Crawford was not eligible for a sentence reduction under § 3582(c)(2).

Crawford's arguments regarding the applicability of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007), are foreclosed by our precedent. See United

States v. Melvin, 556 F.3d 1190 (11th Cir. 2009) (concluding that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"). We do not address Crawford's remaining arguments regarding alleged deficiencies in his 21 U.S.C. § 851 information because they are outside the scope of a § 3582(c)(2) proceeding. See 18 U.S.C. § 3582(c)(2) (limiting proceedings under statute to cases where a retroactive amendment affects the applicable sentencing range).

**AFFIRMED.**