[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14709
Non-Argument Calendar

_____

D. C. Docket No. 93-00040-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMERY VIDEL MCFADDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 13, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Emery Videl McFadden, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court determined that Amendment 706 to the Sentencing Guidelines did not lower McFadden's original guideline range, which was based on a statutory mandatory minimum. We agree with the district court and AFFIRM.

## I. BACKGROUND

In 1993, the district court sentenced McFadden to 160 months of imprisonment for knowingly and intentionally distributing a quantity of crack cocaine (count one), and a concurrent 240 months of imprisonment for knowingly and intentionally distributing in excess of 50 grams of crack cocaine (count two), both in violation of 21 U.S.C. § 841(a)(1). McFadden's twenty-year mandatory minimum sentence on count two was imposed as a result of his prior drug felony conviction.

In February 2008, the district court sua sponte ordered the government, the probation office, and counsel for McFadden to assess the impact of Amendment 706 on McFadden's sentence. McFadden argued that the district court lacked jurisdiction to impose the 240-month mandatory sentence in 1993 because the government's notice of an enhanced penalty was deficient under 21 U.S.C.

§ 851. The district court determined this was an extraneous resentencing issue that could not be litigated in a § 3582(c)(2) proceeding. Accordingly, the court concluded that McFadden was not entitled to a two-level reduction under Amendment 706 because he was sentenced pursuant to a statutory mandatory minimum.

On appeal, McFadden repeats his argument that the government's faulty notice of an enhanced penalty deprived the district court of jurisdiction to impose a mandatory sentence of 240 months of imprisonment. As such, McFadden contends that he is eligible for a sentence reduction under Amendment 706.

## II. DISCUSSION

We review a district court's decision to reduce a sentence in a § 3582(c)(2) proceeding for abuse of discretion; we review its interpretation of the law de novo. See United States v. Williams, 549 F.3d 1337, 1338 (11th Cir. 2008) (per curiam). A district court may reduce a defendant's sentence under Amendment 706 if his sentence was based on the § 2D1.1 offense level for crack cocaine offenses. See id. at 1339. If the defendant's sentence was based on something other than the § 2D1.1 offense level, such as a statutory mandatory minimum, then Amendment 706 does not impact his sentence. See id. at 1342 (concluding that Williams' sentence "would not fall within the scope of Amendment 706" because he was

3

subject to a statutory mandatory minimum); see also U.S.S.G. § 1B1.10, comment. (n.1(A)) (2008) (prohibiting a sentence reduction where the "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

The district court correctly determined that McFadden's sentence was unaffected by Amendment 706 because he was sentenced pursuant to a statutory mandatory minimum. See Williams, 549 F.3d at 1342. Because McFadden's original guideline range was not based on his § 2D1.1 offense level, Amendment 706 did not change his guideline range. The district court also correctly determined that it lacked authority to evaluate the sufficiency of the government's notice of an enhanced penalty. See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (concluding that § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues"). In a § 3582(c)(2) proceeding, the district court is required to leave intact "all original sentencing determinations." Id. at 781. Accordingly, the district court properly rejected McFadden's arguments and denied a sentence reduction under § 3582(c)(2).

For these reasons, we AFFIRM.

**AFFIRMED.**