[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

No. 08-16570
Non-Argument Calendar

_____

D. C. Docket No. 06-80081-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY SHULER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jerry Shuler, a federal prisoner convicted of crack cocaine offenses, appeals

the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduced

sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B). Thus, a reduction is not authorized if an applicable amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A). Shuler's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses.

The district court did not err in concluding that Shuler was ineligible for a § 3582(c)(2) reduction. At his original sentencing, Shuler's initial guidelines range,

---

[1] "We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

2

based on § 2D1.1(c)'s drug quantity table, was 97 to 121 months' imprisonment. However, because Shuler was subject to a statutory mandatory minimum sentence of 120 months' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A), Shuler's guidelines range became 120 to 121 months. See U.S.S.G. § 5G1.1(c). The district court imposed the statutory mandatory minimum 120-month sentence.

Shuler's 120-month sentence was not based on the amount of crack cocaine attributed to him under § 2D1.1(c) to calculate his base offense level, but rather upon the statutory mandatory minimum. See United States v. Williams, 549 F.3d 1337, 1339-40 (11th Cir. 2008) (explaining that a defendant sentenced to a statutory mandatory minimum sentence is not eligible for a sentence reduction based on Amendment 706 because Amendment 706 had no effect on the statutory mandatory minimum sentence).[2] Thus, even though Amendment 706 lowered the base offense level for Shuler's crack cocaine offense by two levels, it did not lower Shuler's ultimate sentencing range by virtue of the statutory mandatory minimum. Because Amendment 706 had no effect on Shuler's sentencing range, Shuler was not eligible for a § 3582(c)(2) sentence reduction.

**AFFIRMED.**

---

[2]Shuler concedes that Williams is binding precedent, but raises this issue to preserve it for further review. See Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997) (explaining that we are bound by our prior panel precedent unless it is overturned by the Supreme Court or this Court sitting en banc).