[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16606
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-00247-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST TIMOTHY RAINEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 24, 2009)

Before TJOFLAT, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Earnest Timothy Rainey, incarcerated for crack cocaine offenses, appeals the

district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2).

Rainey argues that his mandatory minimum sentence should be set aside because

no drug quantity was ever alleged or proven to the jury beyond a reasonable doubt,

in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

Consequently, Rainey contends that Amendment 706 to the Sentencing Guidelines

lowered his base offense level and he is entitled to a sentence reduction. We reject

these arguments and AFFIRM.

## I. BACKGROUND

A jury convicted Rainey in 1993 of conspiracy to possess with intent to

distribute cocaine base, in violation of 21 U.S.C. § 846, and possession with intent

to distribute cocaine base, in violation of 21 U.S.C. § 841. Based on Rainey's prior

conviction for a felony drug offense, he was subject to a twenty-year minimum

mandatory sentence under 21 U.S.C. § 841(b)(1)(A). At the sentencing hearing,

Rainey did not dispute the applicability of the statutory minimum mandatory

sentence. He only requested that the court sentence him to the low end of his

guideline range – twenty years of imprisonment. The district court acquiesced and

imposed concurrent sentences of twenty years (240 months of imprisonment) as to

each count.

In February 2008, the district court, acting on its own motion pursuant to

2

§ 3582(c)(2), appointed counsel for Rainey to determine the effect of Amendment 706 on Rainey's sentence. Amendment 706 permits a sentence reduction "if that sentence was based on the § 2D1.1 offense level for crack cocaine offenses." United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008) (per curiam). After evaluating responses from Rainey, the government, and the probation office, the district court determined that Rainey was not eligible for a sentence reduction under Amendment 706. This appeal followed.

## II. DISCUSSION

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion, and its legal interpretations de novo. See Williams, 549 F.3d at 1338-39. A district court may modify a defendant's sentence that was based on a sentencing range which was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements expressly prohibit a reduction where an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. S.G. § 1B1.10, comment. (n.1(A)) (2008). Accordingly, Amendment 706 has no effect on a

3

sentence that was based on a statutory mandatory minimum, rather than on a base offense level in § 2D1.1.  See Williams, 549 F.3d at 1342.  Furthermore, because a sentencing adjustment under § 3582(c)(2) does not constitute a de novo resentencing, the district court must leave intact all original sentencing determinations except for the amended guideline range.  See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam).

Here, Rainey's sentence was based on the statutory mandatory minimum of twenty years of imprisonment, which applied because of his previous felony drug conviction.  The district court was not authorized under § 3582(c)(2) to revisit that sentencing determination.  See id.  Because Rainey's sentence was not based on an offense level under § 2D1.1(c), it did "not fall within the scope of Amendment 706."  Williams, 549 F.3d at 1342 (concluding that Williams was not entitled to a sentence reduction under Amendment 706 because he was subject to a statutory mandatory minimum that replaced his original sentencing guideline range under § 2D1.1).  Accordingly, the district court did not err in concluding that Rainey was ineligible for a sentence reduction under Amendment 706.  See id.

Furthermore, a § 3582(c)(2) motion is not the proper forum for Rainey's argument that his mandatory minimum sentence violated Apprendi.  The plain language of § 3582(c)(2) only permits modifications to a sentence based on

4

guideline amendments by the Sentencing Commission, not Supreme Court decisions. See 18 U.S.C. § 3582(c)(2); see also Moreno, 421 F.3d at 1220 (concluding that "Booker is inapplicable to § 3582(c)(2) motions" because "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission"). As a result, Apprendi cannot be used as a basis for a § 3582(c)(2) motion.

## III. CONCLUSION

The district court correctly determined that Amendment 706 did not alter Rainey's sentence because he was sentenced according to the statutory mandatory minimum. Accordingly, we AFFIRM the district court's denial of a sentence reduction under § 3582(c)(2).

**AFFIRMED.**

5