[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

No. 08-15510
Non-Argument Calendar

_____

D. C. Docket No. 95-00307-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES SPIGNER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2009)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Charles Spigner, Jr., appeals the denial of his motion to reduce his sentence.

18 U.S.C. § 3582(c)(2). Spigner moved to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses. We affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence modification is inconsistent with the policy statements if a retroactive amendment applies to the defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1(A).

The district court correctly concluded that Spigner was ineligible for a reduction of sentence under section 3582(c)(2). See United States v. Williams, 549 F.3d 1337, 1339–42 (11th Cir. 2008) (per curiam). Spigner was sentenced based on a range determined by application of a statutory mandatory minimum. See

2

U.S.S.G. § 5G1.1(b). Amendment 706 does not affect his sentencing range. The district court also correctly ruled that a motion under section 3582(c)(2) is not a vehicle to challenge the application of the enhanced statutory minimum at Spigner's original sentencing. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (providing that "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing," and that "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing") (emphasis in original). We affirm the denial of Spigner's motion to reduce his sentence.

**AFFIRMED.**