[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14122
Non-Argument Calendar
_____

D. C. Docket No. 99-00002-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN PHILLIPS,
a.k.a. Miami Duke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 4, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Warren Phillips ("Phillips"), proceeding pro se, appeals the district court's

denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).

Phillips contends that Amendment 706 to the Sentencing Guidelines operates to

reduce his base offense level because he was not sentenced to a mandatory

minimum term of life imprisonment. We disagree and AFFIRM.

## I. BACKGROUND

In 1999, a jury convicted Phillips of conspiracy to distribute cocaine and

cocaine base, in violation of 21 U.S.C. § 846 (Count One), and distribution of

cocaine and possession with intent to distribute cocaine, both in violation of 21

U.S.C. § 841(a)(1) (Counts Two and Three). See Exh. Folder 1 at 12, 30. Phillips

originally was sentenced to a term of life imprisonment, the mandatory minimum

sentence pursuant to 21 U.S.C. § 841(a)(1)(B), based on the government's

enhancement information, filed in accordance with 21 U.S.C. § 851, which listed

Phillips's three prior felony drug convictions. See Exh. Folder 1 at 22, 44.

Although the presentence investigation report ("PSI") noted that Phillips's

guideline sentence was calculated using U.S.S.G. § 2D1.1 instead of U.S.S.G §

4B1.1 (the career offender guideline), it also made clear that Phillips was

nonetheless subject to the statutory mandatory minimum sentence of life

imprisonment.

Phillips subsequently filed a motion to reopen his sentence based on a state

2

court judgment modifying one of the convictions listed in the § 851 enhancement information. R1-122. We ultimately denied Phillips's motion to proceed on appeal in forma pauperis ("IFP") and noted that the corrected state conviction did not affect his sentence, which, we stated, "was determined pursuant to U.S.S.G. § 2D1.1 and 21 U.S.C. § 841(b)(1)(A)." R1-136. On appeal, Phillips argues that the state court modification of one of his prior convictions nullified the government's notice of enhancement and that our reference to § 2D1.1 in our order denying his motion to proceed on appeal IFP now precludes us from finding that he was sentenced to a mandatory minimum term of imprisonment.

## II. DISCUSSION

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in U.S.S.G. § 1B1.10, prohibit a reduction where an "amendment does not have the effect of

3

lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)). Moreover, a sentencing adjustment under § 3582(c)(2) does not constitute a de novo resentencing, and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Finally, we have held that where a defendant was sentenced to a statutory mandatory minimum sentence, he is precluded from receiving a sentence reduction pursuant to Amendment 706 and 18 U.S.C. § 3582(c)(2). See United States v. Williams, 549 F.3d 1337, 1341-42 (11th Cir. 2008) (per curiam).

In this case, we conclude that Phillips was sentenced to a statutory mandatory minimum sentence of life imprisonment. The reference to § 2D1.1 in our previous order was intended to highlight the fact that Phillips's guideline sentence was calculated pursuant to § 2D1.1, subject to § 841(a)(1)(B), as opposed to the career offender guideline provision. This observation in no way modified Phillips's sentence or suggested that he was sentenced to anything other than the statutory mandatory minimum sentence of life imprisonment. As such, Amendment 706 does not have the effect of lowering his applicable guideline

4

range.  See Williams, 549 F.3d at 1341.

## III.  CONCLUSION

Phillips appeals the district court's denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).  Because he was sentenced to a statutory mandatory minimum term of life imprisonment, Amendment 706 does not lower his applicable guideline range.  Consequently, Phillips is not eligible for a reduced sentence.  We AFFIRM.

**AFFIRMED.**