[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12475
Non-Argument Calendar
_____

D. C. Docket No. 06-00088-CR-5-001-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

DEMETRI WILLIAMS,
a.k.a. Demetrius Williams,
a.k.a. Demetric Williams,
a.k.a. Black,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

**(November 26, 2008)**

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

The government appeals the district court's grant of Demetri Williams's motion for a reduced sentence pursuant to 18 U.S.C. § 3582. The district court determined that Williams was entitled to a reduction based on his original guidelines range being lowered by Amendment 706 to the United States Sentencing Guidelines, even though his statutory mandatory minimum was unaffected by the amendment. For the reasons that follow, we REVERSE and REMAND.

## I. BACKGROUND

In April 2007, Williams pled guilty to the distribution of more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii) and 18 U.S.C. § 2. This offense, in light of Williams's criminal history, made him subject to a sentencing range of 92–115 months under the guidelines. However, Williams had two prior felony drug convictions and thus fell under the ambit of 21 U.S.C. § 841(b)(1)(B)(iii), which imposes a mandatory minimum sentence of 120 months for such offenders. At his sentencing hearing, the district court agreed that the applicable range was 120 months but granted a downward departure from that sentence based on the government's § 5K1.1 substantial assistance motion and pursuant to 18 U.S.C. § 3553(e). Williams thus was sentenced to sixty months of imprisonment and eight years of supervised release. See R1-28 at 2–3.

In March 2008, the district court gave notice to Williams and the government that it was considering, on its own motion, reducing Williams's sentence to fifty months based on Amendment 706, which lowered the base offense level applicable to crack cocaine offenses.[1] See U.S.S.G. App. C., Amend. 706 (Nov. 2007); R1-30. Williams responded to this notice by filing a motion to reduce his sentence pursuant to 18 U.S.C. § 3582, indicating that the § 5K1.1 motion had "eliminated the mandatory minimum at the time of sentencing" and made him eligible for the reduction under Amendment 706. R1-31. He requested that his sentenced be lowered to fifty to fifty-one months, a figure proportionate to the degree by which Amendment 706 had reduced the guideline range for crack offenses.[2] See id. The government objected to the motion, arguing that Williams's original sentencing range was displaced by the statutory minimum, thus making him ineligible for the Amendment 706 reduction. See R1-33. The district court granted Williams's motion and reduced his sentence to fifty months. See R1-35. The government timely filed a notice of appeal. See R1-36.

---

[1] The Sentencing Commission made Amendment 706 retroactively applicable, effective 3 March 2008. See U.S.S.G. App. C, Amend. 713 (Supp. Mar. 3, 2008).

[2] Amendment 706 would have reduced the guideline range for an offense like his from 92-115 months to 77-96 months. See id. at 2. This represented a 16% reduction if the averages of these two ranges were compared. See id. Applying this 16% figure to Williams's sixty-month sentence would yield a total of 50.4 months. See id. at 2–3.

3

## II. DISCUSSION

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, where the issue presented involves a legal interpretation, our review is de novo. See United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c). One such exception is for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

Amendment 706 allows a defendant to seek a reduction in his sentence if that sentence was based on the § 2D1.1 offense level for crack cocaine offenses. See U.S.S.G. App. C., Amend. 706. According to the Commission, a court's

4

decision to reduce a term of imprisonment based on Amendment 706 would be inconsistent with its policy statements if that amendment did "not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (Supp. Mar. 3, 2008). Accordingly, we have held that a defendant whose original sentencing range was based on something other than § 2D1.1 is precluded from receiving a sentence reduction, since the amendment would not lower his applicable guidelines range. See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008) (denying reduction for defendant subject to career offender statutory minimum). The application notes to the guidelines corroborate this conclusion. See U.S.S.G. § 1B1.10 cmt. n.1(A) (noting that "the operation of another guideline or statutory provision," such as "a statutory mandatory minimum term of imprisonment," would prevent Amendment 706 from "hav[ing] the effect of lowering the defendant's applicable guideline range").

We therefore must determine whether the district court's granting of the § 5K1.1 motion effectively waived the statutory mandatory minimum and thus entitled him to a sentence reduction under Amendment 706. We have previously found that "[w]here a retrospectively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, §3582(c)(2) does not authorize a reduction in

sentence." Moore, 541 F.3d at 1330. Based on this reasoning, an individual convicted of a crack cocaine offense but sentenced as a career offender could not receive a reduced sentence under Amendment 706, even if he had received a downward departure pursuant to §5K1.1. See id. A defendant's classification as a career offender would make him subject to an enhanced mandatory sentence pursuant to U.S.S.G. § 4B1.1. Since Amendment 706 reduces the base offense level for only the crack cocaine offense, not the career offender enhancement, that defendant would be subject to the same minimum sentencing range post-amendment.[3] Accordingly, a court could not reduce his sentence based on § 3582(c)(2). See id.

There seems to be little operative difference between § 4B1.1 and the minimum sentence requirements under 21 U.S.C. § 841(b)(1)(B)(iii) for repeat felony drug offenders like Williams. In both instances, a defendant who falls under the provision could have a guideline sentence that would be longer than he would normally receive for solely that individual offense. In such situations, the statutorily required minimum sentence effectively displaces the shorter sentence and becomes the guideline sentence for that individual. See U.S.S.G. § 5G1.1(b).

---

[3] The Moore court indicated that the situation would be different if the district court had granted a downward departure for other reasons, such as a determination that treating the defendant as a career offender would be out of proportion to the severity of his criminal history. See Moore, 541 F.3d at 1329–30.

The defendant's resulting sentence would thus be based on this new guideline sentence, rather than on the sentencing range for the original offense, and any changes in the range for the original offense would not affect it. Any downward departure would thereby be from the mandatory minimum rather than from the base offense level. See United States v. Aponte, 36 F.3d 1050, 1051–52 (11th Cir. 1994) (per curiam). Accordingly, the district court's downward departure to a sentence below the range for Williams's original possession offense did not make Amendment 706 applicable to him because the court's point of departure would not shift as a result of the amendment's lowering of the crack offense levels.

We came to a similar conclusion in United States v. Pope, 58 F.3d 1567 (11th Cir. 1995) (per curiam). In that case, Pope was subject to a guideline range of 97–121 months and a mandatory minimum sentence of 120 months for possession of LSD with intent to distribute. See United States v. Pope, 58 F.3d 1567, 1568 (11th Cir. 1995). Based on the overlap in these figures, he had a guideline range of 120–121 months; however, he received a downward departure to 78 months based on § 5K1.1. See id. at 1568–69, 1568 n.1. A subsequent guideline amendment changed Pope's base offense level but not the applicability of the mandatory minimum. See id. at 1569, 1572. Because Pope was still subject to the statutory minimum, we found him ineligible for a sentence modification due

to the guideline amendment, regardless of the amendment's effect on the underlying offense level.  See id. at 1572.

Despite these precedents, Williams argues that his "guideline sentence" of 120 months should be viewed as separate and distinct from his "guideline range" of 92-115 months and that the § 5K1.1 motion effectively waived his "guideline sentence" without affecting his "guideline range."[4]  Since Amendment 706 would thereby reduce his "guideline range," the district court thus was permitted to reassess his sentence. Williams also asserts that the Commission intended to permit individuals in his situation to take advantage of Amendment 706, as evidenced by the deliberate reference to lowering of the "guideline range" in U.S.S.G. § 1B1.10(a)(1).  In support of this interpretation, he references a study by Commission staff, which indicated that individuals who received a substantial assistance reduction from a mandatory minimum would be eligible for further reductions under Amendment 706.  See Glenn Schmitt et al., Analysis of the Impact of the Crack Cocaine Amendment If Made Retroactive 5–6, 6 n.20 (2007), http://www.ussc.gov/general/Impact_Analysis_20071003_3b.pdf.

We find Williams's attempted range/sentence distinction linguistically

---

[4] In making this argument, Williams concedes that there is no effective difference between the terms "guideline range," "guidelines range," and "sentencing range."  We will thus use "guideline range" to connote all three.

interesting but ultimately unpersuasive. The term "guideline range" reflects the scope of sentences available to the district court, which could be limited by a statutorily imposed mandatory minimum "guideline sentence." Accordingly, when a mandatory minimum exceeds some portion of the range for the base offense level, the applicable "guideline range" would be from that minimum to the upper end of the original guideline range. See Pope, 58 F.3d at 1568 n.1 (noting that "because of the statutorily mandated minimum of ten years, Pope's guidelines range became 120 to 121 months"). For those situations in which the mandatory minimum exceeds the range for the entire offense level, the "guideline sentence" would thus be the same as the "guideline range," even if it involves a "range" of only one number.

Further, we believe that a downward departure from this mandatory minimum does not constitute a waiver or dispensing of this new "guideline range." Section § 3553(e) permits district courts to impose a sentence below a statutory minimum based on the filing of a substantial assistance motion.[5] We see no

---

[5] The statute states:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

indication in the statute that this decreased sentence should be read to somehow eliminate the otherwise applicable mandatory minimum. As noted by the Fourth Circuit, "the plain language of the statute makes clear [that] § 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence." United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). The statute seems to contemplate that a court would treat a minimum no differently than a base offense level for the purposes of a § 5K1.1 motion, i.e. by taking into account the § 5K1.1 factors in determining the appropriate reduction. See Melendez v. United States, 518 U.S. 120, 128–29, 116 S. Ct. 2057, 2062–63 (1996) (discussing sentencing constraints on district courts dealing with § 3553(e) motions, including the § 5K1.1 factors). This makes a "substantial assistance" departure distinct from a "safety valve" departure under 18 U.S.C. § 3553(f), which specifically exempts defendants from minimum sentences if they meet certain criteria and permits courts to ignore these minima in calculating the appropriate sentence. See 18 U.S.C. § 3553(f) (permitting courts to impose a sentence "without regard to any statutory minimum sentence"). Though we have not specifically addressed this issue before, our sister circuits all accept this non-waiver rationale, and we see no reason to disagree with this consensus. See, e.g., United States v. Auld, 321 F.3d 861, 865–66 (9th Cir.

---

18 U.S.C. § 3553(e) (2000).

10

2003); <u>United States v. Cordero</u>, 313 F.3d 161, 165–66 (3d Cir. 2002); <u>Pillow</u>, 191 F.3d at 407–08.

Finally, we note that the Commission appears to have rejected Williams's interpretation. The application notes to § 1B1.10 indicate that the guidelines range for a defendant subject to a statutory minimum would not be lowered by an amendment, even if the amendment would otherwise be applicable to the defendant. <u>See</u> U.S.S.G. § 1B1.10 cmt. n.1(A). Since we must treat such commentary as binding, this conclusion would trump any contrary statements in the Commission staff report cited by Williams. <u>See</u> <u>Stinson v. United States</u>, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). There thus would seem to be no basis for the district court's decision to reduce Williams's sentence here based solely on the passage of Amendment 706.

### III. CONCLUSION

On appeal, the government argues that Williams was precluded from receiving a sentence reduction under Amendment 706. Because Williams was subject to a statutory mandatory minimum that replaced his original sentencing

guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure. He thus would not fall within the scope of Amendment 706. Accordingly, we REVERSE the district court's reduction of Williams's sentence and REMAND for reinstatement of his original sentence of sixty months.

**REVERSED AND REMANDED.**