[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13330
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00403-CR-4-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER GENE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 18, 2008)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Lester Gene Jackson appeals the district court's denial of his motion for a reduced sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). Jackson's motion was based on Amendment 706 to the Sentencing Guidelines, which retroactively reduced certain base offense levels applicable to crack-cocaine offenses. The district court found that Jackson was ineligible for relief under § 3582(c)(2). For the reasons set out below, we affirm.

## I.

A federal grand jury returned an indictment against Jackson and other codefendants, charging him with: conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(iii) (Count 1); and 3 counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)-(C) (Counts 2, 3, and 6). The government subsequently filed an information under 21 U.S.C. § 851, providing that Jackson had a prior felony conviction for possession of cocaine and, therefore, was subject to an enhanced penalty under 21 U.S.C. § 841(b). Jackson pled guilty to Count One of the indictment pursuant to a written plea agreement, and the government agreed to dismiss the remaining counts.

The probation officer prepared a pre-sentence investigation report ("PSI") and calculated Jackson's applicable guideline range as follows. The probation

officer found Jackson responsible for 339.51 grams of crack cocaine which, under the 2001 version of the Sentencing Guidelines, gave Jackson a base offense level of 34, pursuant to U.S.S.G. § 2D1.1(c)(3). The probation officer applied a 3-level reduction for acceptance of responsibility, giving Jackson a total offense level of 31. The probation officer next determined that Jackson had 10 criminal history points, giving him a criminal history category of V. In reviewing Jackson's criminal history, the probation officer reported that Jackson had pled guilty in 1995 to possession of cocaine, for which he was sentenced to three years' imprisonment.

A total offense level of 31 and a criminal history category of V gave Jackson an applicable guideline range of 168 to 210 months' imprisonment. However, because of Jackson's prior felony conviction, the probation officer determined that Jackson was subject to a statutory mandatory minimum sentence of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A). Significantly, because this statutory mandatory minimum sentence was higher than Jackson's guideline range, Jackson's applicable guideline range became 240 months' imprisonment under U.S.S.G. § 5G1.1(b). The district court sentenced Jackson to 240 months' imprisonment.

In January 2008, Jackson filed a pro se motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). He argued that Amendment 706 to the Guidelines had

retroactively lowered his base offense level from 34 to 32. In addition, and referencing his educational and vocational achievements in prison, Jackson requested that the court impose a "more reasonable" sentence of 108 months' imprisonment in light of the factors in 18 U.S.C. § 3553(a) and the Supreme Court's decision in Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

On May 27, 2008, the district court entered an order denying Jackson's motion. The court explained:

> The defendant was sentenced to a term of 240 months, 21 U.S.C. § 846, 841(b)(1)(A), the minimum statutory penalty in count one. Therefore, he is not eligible for relief pursuant to U.S.S.G. 1B1.10, comment. (n.1A(ii)) or 18 U.S.C. § 3582(c). . . .
>
> That portion of the defendant's motion requesting further consideration based on Kimbrough . . . and the factors in 18 U.S.C. § 3553(a) is denied.

This appeal followed.

## II.

"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. We review de novo questions of statutory interpretation." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotations and citation omitted).

Section 3582(c) provides in relevant part:

4

The court may not modify a term of imprisonment once it has been imposed except that –

. . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The Sentencing Commission's recently revised policy statement on retroactive amendments to the Guidelines similarly provides:

In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (made effective on March 3, 2008, by Amendment 712). This policy statement emphasizes that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In this regard, the commentary to

§ 1B1.10 explains that a reduction under § 3582(c)(2) is not authorized if the "amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)(ii)).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008.[1] See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

## III.

Application of Amendment 706 in this case would result in a two-level reduction in Jackson's base offense level. This is so because the district court held

---

[1] Although Jackson filed his § 3582(c)(2) motion before Amendment 706 took effect on March 3, 2008, the district court did not rule on the motion until May 27, 2008. We have addressed this precise scenario and held that "any jurisdictional defects that may have existed were cured by the fact that the district court ruled on the defendants' motions after March 3, 2008." Moore, 541 F.3d at 1326. Accordingly, despite Jackson's premature filing, the district court had jurisdiction in this case because it ruled on the motion after March 3.

Jackson accountable for 339.51 grams of crack cocaine, which gave him a base offense level of 34 under the version of § 2D1.1(c) in effect at the time of sentencing.  However, under the amended version of § 2D1.1(c), a drug quantity of 339.51 grams of crack cocaine would give Jackson a new base offense level of 32.  U.S.S.G. § 2D1.1(c)(4) (providing for a base offense level of 32 when the defendant is held accountable for, inter alia, "[a]t least 150 G but less than 500 G of Cocaine Base").  After applying the 3-level reduction for acceptance of responsibility, Jackson would have a new total offense level of 29 which, coupled with his criminal history category of V, would give him an amended guideline range of 140 to 175 months' imprisonment.  See U.S.S.G. Ch. 5, Pt. A.

However, despite Amendment 706, Jackson remains subject to the statutory mandatory minimum sentence of 240 months' imprisonment under § 841(b)(1)(A) as a result of his prior felony drug conviction.  See 21 U.S.C. § 841(b)(1)(A)(iii) (providing for a mandatory minimum sentence of 20 years' imprisonment where the defendant's offense involved 50 grams or more of crack cocaine and the defendant had a prior conviction for a felony drug offense).  Critically, because the high-end of Jackson's would-be amended guideline range (175 months) remains lower than the statutory minimum sentence (240 months), Jackson's final applicable guideline range would again become the statutory minimum sentence.

7

U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  In other words, while Amendment 706 would retroactively reduce Jackson's offense level, it would not ultimately affect his guideline range under § 5G1.1(b), as that range is determined by the statutory minimum sentence, not the drug quantity for which he was held accountable.

The government correctly relies on this Court's recent decision in Moore, as that case addressed an analogous situation involving career offenders sentenced under U.S.S.G. § 4B1.1.  Due to the operation of § 4B1.1, the defendants' guideline ranges in Moore were ultimately determined by their statutory maximum sentences, not the drug quantity for which they were held accountable.  541 F.3d at 1325; see U.S.S.G. § 4B1.1(b).  Thus, although Amendment 706 had the effect of lowering their base offense levels, it did not lower the final sentencing ranges upon which their sentences were based within the meaning of § 3582(c)(2).  Id. at 1327-30.  As a result, we held: "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  Id. at 1330.

We have recently applied the reasoning in <u>Moore</u> where, as in this case, Amendment 706 would reduce a defendant's base offense level, but would not reduce his final applicable guideline range due to the operation of § 5G1.1(b). <u>United States v. Williams</u>, __ F.3d __, No. 08-12475, manuscript op. at 6-7, 11-12 (11th Cir. Nov. 26, 2008). Therefore, the district court correctly found that it lacked authority to grant Jackson a sentencing reduction under § 3582(c)(2).[2] Accordingly, we affirm.

**AFFIRMED.**

---

[2] We reject Jackson's remaining arguments, as <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and <u>Kimbrough</u> do not independently authorize the district court to reduce a defendant's sentence under § 3582(c)(2) and, because Jackson was ineligible for a reduction, the district court was not required to consider the § 3553(a) factors.