[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12474

_____

D. C. Docket No. 06-00090-CR-5-001-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellant.

versus

RONNIE MAPLES,
a.k.a. AMP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 4, 2009)

Before BARKETT, PRYOR and FARRIS,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

The government appeals the grant of a <u>sua sponte</u> 18 U.S.C. § 3582(c)(2) motion to reduce Ronnie Maples's sentence for violations of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii) in (1) conspiring to distribute and possess with intent to distribute more than 50 grams of crack cocaine and (2) in distributing and possessing with intent to distribute more than 5 grams of crack cocaine.

Following the adoption of Amendment 706 to the United States Sentencing Guidelines (U.S.S.G.),[1] the district court reduced Maples's 188-month sentence to 162 months. Although Maples had received a downward departure for substantial assistance according to U.S.S.G. § 5K1.1, his original guideline range of life imprisonment under § 5G1.1(b) was based on a mandatory minimum, not on his initial base offense level under § 2D1.1. We have recently held that a defendant who was sentenced subject to a statutory mandatory minimum does not fall within the scope of Amendment 706, in spite of any § 5K1.1 downward departure. <u>United States v. Williams</u>, 549 F.3d 1337 (11th Cir. 2008). Thus, because Maples's guideline range of mandatory life imprisonment was not reduced or otherwise affected by Amendment 706, the district court had no basis to award a further

---

[1] Amendment 706, which became retroactive as of March 3, 2008, U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008), reduced by two the base offense levels in crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c).

reduction to his sentence, regardless of its prior substantial assistance departure.[2]

Therefore, the district court erred as a matter of law in reducing Maples's sentence based on that amendment.

**REVERSED AND REMANDED.**

---

[2] Maples urges on appeal that there is a distinction between the terms "guideline range" and "guideline sentence," but we have already explicitly rejected that linguistic argument in Williams. 549 F.3d at 1340-41.