[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12952
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00041-CR-4-SPM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELO BARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 24, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Angelo Barker, through counsel, appeals the district court's denial of his motion for a reduced sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). His motion was based on Amendment 706 to the Guidelines, which reduced certain base offense levels applicable to crack cocaine. For the reasons set forth below, we affirm.

## I.

Barker pled guilty to possession with intent to distribute more than five grams of crack cocaine, in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). In preparing the pre-sentencing investigation report, the probation officer determined that Barker had a base offense level of 26, pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(7). Barker's total offense level became 25 after the probation officer applied a 2-level enhancement for obstruction of justice and a 3-level reduction for acceptance of responsibility. The probation officer determined that Barker had a criminal history category of III which, when coupled with his offense level of 25, gave him an applicable guideline range of 70-87 months' imprisonment. However, the probation officer found that Barker was subject to the statutory mandatory minimum penalty of 120 months' imprisonment under § 841(b)(1)(B), which became his "guideline sentence," pursuant to U.S.S.G. § 5G1.1(b).

Before sentencing, the government filed a motion advising the court that

Barker had provided substantial assistance to the government, entitling him to a reduction in his sentence under U.S.S.G. § 5K1.1. The court adopted the PSI, granted the government's § 5K1.1 motion, and sentenced Barker to 96 months' imprisonment.

Barker, through counsel, filed the present § 3582(c)(2) motion, asserting that the court had authority to reduce his sentence based on Amendment 706. Specifically, he argued that he was eligible for a sentencing reduction because, "while his guideline sentence may have been the mandatory minimum of 10 years, his sentencing range has changed from that of 70 to 87 months to 57 to 71 months."

The district court denied Barker's motion. The court explained that Barker was not eligible for a sentencing reduction because "application of the guideline amendment results in no change to his sentencing range. Defendant was subject to a statutory mandatory minimum sentence, which determined his sentencing range. Because Defendant's sentencing range remains the same under the amended guidelines, he is not eligible for a reduction." This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d

983, 984 (11th Cir. 2008).  Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(2).  Any such reduction must also be consistent with the Commission's applicable policy statements, which similarly provide, inter alia, that a sentencing reduction is not permitted where the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

### III.

On appeal, Barker repeats the same general argument advanced in his § 3582(c)(2) motion, namely, that he was eligible for a sentencing reduction because Amendment 706 reduced his underlying guideline range.  However, this argument is foreclosed by our decision in United States v. Williams, 549 F.3d 1337 (11th Cir. 2008).  In that case, we held that a defendant whose sentence is based on the statutory mandatory minimum sentence, rather than the base offense level in § 2D1.1, and who receives a downward departure is ineligible for a sentencing reduction under § 3582(c)(2).  Id. at 1342 ("Because Williams was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even

4

taking into account the § 5K1.1 downward departure. He thus would not fall within the scope of Amendment 706.").  Accordingly, Barker was not eligible for a sentencing reduction, and we affirm.

**AFFIRMED.**