[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10139
Non-Argument Calendar

_____

D. C. Docket No. 03-00013-CR-5-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMMIE RICHARDSON,
a.k.a. Big Man,
a.k.a. Big Boy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 19, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Timmie Richardson appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendments 706 and 715 to the Sentencing Guidelines. On appeal, Richardson argues that this Court's decision in *United States v. Williams*, 549 F.3d 1337 (11th Cir. 2008) (per curiam), was wrongly decided and maintains that Amendment 706 lowered his guideline range despite the fact that his original sentence was based upon the application of a statutory mandatory minimum sentence.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *Williams*, 549 F.3d at 1338 (quoting *United States v. Brown*, 322 F.3d 1341, 1343 (11th Cir. 2003)). "However, where the issue presented involves a legal interpretation, our review is *de novo*." *Id.* at 1338-39 (citation omitted).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, we have held that when a defendant is subject to a statutory mandatory minimum that replaces his guideline range, that defendant is ineligible for a sentence reduction under Amendment 706. *Williams*, 549 F.3d at

2

1342 ("Because Williams was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure. He thus would not fall within the scope of Amendment 706.").

Upon review of the record and the parties' briefs, we discern no error. Richardson's sentence was not based on the drug quantity tables set forth in § 2D1.1 of the Sentencing Guidelines, but was the result of the application of the statutorily required minimum sentence under 21 U.S.C. § 841(b)(1)(A), which prescribes a term of life imprisonment for a defendant with two prior felony drug convictions. Because Richardson's sentence was based upon the applicable statutory mandatory minimum of life imprisonment rather than his original guideline range, he was ineligible for a reduction under § 3582(c)(2) based upon Amendment 706. Further, his argument that *Williams* was wrongly decided and is inapplicable is without merit, as *Williams* is binding precedent and has not been overturned. *See United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) (holding that prior panel decisions are binding on subsequent panels unless overturned by an intervening decision of the Supreme Court or the Eleventh Circuit sitting *en banc*). Therefore, Richardson was ineligible for a § 3582(c)(2)

sentence reduction, and we affirm the district court's denial of his § 3582(c)(2)

motion.

**AFFIRMED.**