[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14357
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00017-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY QUENTEZ SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 22, 2009)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Corey Quentez Smith, a federal prisoner, appeals the district court's denial

of his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Smith was convicted of drug offenses involving crack cocaine, and he filed his motion pursuant to Amendment 706 to the sentencing guidelines, which lowered the base offense levels applicable to crack cocaine offenses. The district court denied § 3582 relief because, even though his sentence was reduced pursuant to Fed.R.Crim.P. 35 as a result of his substantial assistance to the government, Smith was originally sentenced to a statutory mandatory minimum sentence.

Smith argues that he was eligible for § 3582 relief because his statutory mandatory minimum "guideline sentence" of life imprisonment was not his "guideline range." After a lengthy discussion of the terms "guideline sentence" and "guideline range," Smith claims that since § 3582 authorizes a reduction based on a sentencing "range" that has been lowered, his mandatory "guideline sentence" did not prohibit a reduction pursuant to Amendment 706. Smith also argues that because he was originally sentenced to an indeterminate life sentence, his substantial assistance reduction was at least partly based on his original guideline range. Smith points out that should the relevant language in this sentencing scheme be subject to two equally rational constructions, the rule of lenity requires that we rule in his favor. Finally, Smith notes that had Amendment 706 been applied at his initial sentencing, he would have been declared a career offender, and he requests

that we reduce his guideline range accordingly.

In his reply brief, Smith acknowledges that United States v. Williams, 549 F.3d 1337 (11th Cir. 2008), controls the argument presented in his case. However, he argues that Williams was wrongly decided, citing policy reasons and repeating arguments presented in his initial brief as they apply to Williams. Smith requests that we await the rehearing decision in Williams.

Since the time of his final brief, this court has rejected the rehearing request in Williams.  United States v. Williams, __ F.3d __ (11th Cir. Mar. 5, 2009). "Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." Smith v. GTE Corp., 236 F.3d 1292, 1300 n. 8 (11th Cir.2001).  Therefore this case is due to be

**AFFIRMED.**