[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10740
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00024-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTA RENEE PETERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 24, 2009)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Alberta Renee Peterson appeals the district court's denial of her motion for a

reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment

706 to the Sentencing Guidelines, which reduced the base offense levels applicable

to crack cocaine offenses.  On appeal, Peterson concedes that her argument is foreclosed by our decision in United States v. Williams, 549 F.3d 1337 (11th Cir. 2008), but in order to preserve her claim, she argues that Williams was wrongly decided.  After thorough review, we affirm.

We conduct a de novo review of issues of legal interpretation in the § 3582(c)(2) context.  Williams, 549 F.3d at 1338-39.  We are bound to follow our prior binding precedent "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court."  United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  However, when a defendant is subject to a statutory mandatory minimum that replaces her guideline range, that defendant is ineligible for a sentence reduction under Amendment 706.  Williams, 549 F.3d at 1338-39, 1342.  This ineligibility is not rectified by a downward departure below the statutory minimum, when that departure is made pursuant to a U.S.S.G. § 5K1.1 substantial assistance motion.  Id. at 1342.

Because Peterson was subject to a mandatory minimum term of 120 months' imprisonment, Amendment 706 did not change her guideline range, even though she ultimately received a § 5K1.1 downward departure and was sentenced to 75 months' imprisonment. See id. As a result, under Williams, Peterson was ineligible for a § 3582(c)(2) sentence reduction. See id. Moreover, Peterson's argument that Williams was wrongly decided is misplaced at this stage of the appellate process because we are bound by our prior decision in Williams. See Vega-Castillo, 540 F.3d at 1236. Therefore, the district court lacked the authority to modify Peterson's sentence, and we affirm its decision.

**AFFIRMED.**