[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10943
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2009
THOMAS K. KAHN
CLERK

_____

D.C. Docket No. 06-00530-CR-7-RDP-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 20, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

David Smith, a federal prisoner serving a 156-month sentence following his conviction on three felony counts, appeals the district court's denial of his pro se motion for a reduction of sentence. Smith believes that he is entitled to relief pursuant to 18 U.S.C. § 3582(c)(2). In denying relief, the district court found that Smith's guideline range was calculated on the amount of powder cocaine attributable to him and, therefore, Amendment 706 had no effect on his guideline range. Moreover, the court noted that, because Smith was subject to a statutory minimum term of life imprisonment, Amendment 706 did not reduce his guideline range.

On appeal, Smith acknowledges that Amendment 706 did not lower his guideline range but asserts that because of "bad math" in the design of the sentencing table, he should receive a reduction. He argues that part of his offense level calculation included an upward departure because he also possessed crack cocaine, although the district court calculated his guideline range based only on the powder cocaine he possessed. Smith asserts that the guidelines are advisory under United States v. Booker, 543 U.S. 220 (2005).

Smith also contends that his presentence investigation report contained an erroneous prior state conviction and that the district court should have ordered an updated report to correct the record. He argues that the district court erred by

concluding that the statutory language required that the guideline amendment lower his guideline range in order for him to benefit. Smith claims that the district court failed to calculate his applicable guideline range or consider the 18 U.S.C. § 3553(a) factors. He contends that even though he was subject to a mandatory statutory minimum of life imprisonment, because the district court departed downward at his original sentencing based on a substantial assistance motion, Amendment 706 lowered his applicable guideline range.

We conduct a de novo review of issues of legal interpretation in a § 3582(c)(2) context. United States v. Williams, 549 F.3d 1337, 1338–39 (11th Cir. 2008). Amendment 706 provided a two-level reduction in base offense levels for certain cocaine base offenses. U.S.S.G. App. C., Amend. 706 (Nov. 1, 2007). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, defendants are ineligible for relief under certain situations.

For example, when a defendant is subject to a statutory mandatory minimum that replaces his guideline range, that defendant is not eligible for a sentence reduction under Amendment 706. Williams, 549 F.3d at 1341–42. This ineligibility does not change if a court makes a downward departure below the statutory

3

minimum when that departure is made pursuant to a U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) substantial assistance motion. Id. at 1342.

We have also held that Booker does not apply to § 3582(c)(2) proceedings. United States v. Melvin, 556 F.3d 1190, 1193–94 (11th Cir.), cert. denied, 129 S.Ct. 2382 (May 18, 2009).

Smith was not entitled to a reduction in his sentence based on Amendment 706 because the district court calculated his guideline range based on powder cocaine and not crack cocaine, and he was subject to a mandatory minimum term of life imprisonment. Furthermore, Booker did not grant the district court jurisdiction to resentence him, and the court also lacked jurisdiction to consider any errors in his original sentencing.

**AFFIRMED.**