[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10922
Non-Argument Calendar

_____

D. C. Docket No. 06-00181-CR-J-20-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORY DEVON STEWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 3, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Cory Steward, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 1601 (2009), and 129 S. Ct. 965 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A).

Here, Steward's motion was based on Amendment 706 to the Sentencing Guidelines, which lowered most of the base offense levels in U.S.S.G. § 2D1.1(c)

---

[1]"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert denied, 129 S. Ct. 1601, and 129 S. Ct. 965 (2009) (quotation marks omitted).

applicable to crack cocaine offenses.  See U.S.S.G. App. C, amends. 706, 713.  At Steward's original sentencing, his base offense level was 32 based on U.S.S.G. § 2D1.1(c)'s drug quantity table.  After a three-level reduction for acceptance of responsibility, Steward's total offense level was 29.  With a criminal history category of IV, Steward's advisory guidelines range was 121 to 151 months' imprisonment.  The district court varied downward by one month and imposed a 120-month sentence, the statutory mandatory minimum ten-year sentence for Steward's offense.  See 21 U.S.C. § 841(b)(1)(A).  Later, the district court granted the government's substantial assistance motion, filed pursuant to Federal Rule of Criminal Procedure 35(b), and reduced Steward's sentence to 84 months.

Amendment 706 reduced Steward's base offense by two levels to 30, which yields a potential guidelines range of 100 to 125 months' imprisonment.  See U.S.S.G. § 2D1.1(c)(5).  However, because of the ten-year statutory mandatory minimum, Steward's actual guidelines range is 120 to 125 months.  See U.S.S.G. § 5G1.1(c)(2).  Thus, Steward's new, amended guidelines range after Amendment 706 is 120 to 125 months' imprisonment, which is lower than the original guidelines range of 121 to 151 months.  Nonetheless, the district court did not err in denying Steward's § 3582(c)(2) motion because Steward's original sentence was ultimately "based on" that applicable statutory mandatory minimum and not on the

3

sentencing range derived in part from the offense level in U.S.S.G. § 2D1.1(c). See 18 U.S.C. § 3582(c)(2) (authorizing a district court to modify a sentence only when the sentence is "based on" a sentencing range that has been lowered by a Sentencing Guidelines amendment).

Steward argues that the district court's subsequent Rule 35(b) reduction "dispensed with" the statutory mandatory minimum for § 3582(c)(2) purposes. However, we have rejected this argument in the context of an analogous substantial assistance motion made pursuant to U.S.S.G. § 5K1.1. See United States v. Williams, 549 F.3d 1337, 1339-42 (11th Cir. 2008). In Williams, this Court concluded that a district court's granting of a § 5K1.1 motion does not "effectively waive[] the statutory mandatory minimum and thus entitle[] [the defendant] to a sentence reduction under Amendment 706." Id. at 1339. Likewise, the subsequent granting of a Rule 35(b) motion does not waive the statutory mandatory minimum as to the original sentence in order to make a defendant somehow entitled to a § 3582(c)(2) reduction.

**AFFIRMED.**