[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17165
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00064-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS PORTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 5, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Porter, through counsel, appeals the district court's denial of his

counseled motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).

Porter's motion was based on Amendment 706 to the Guidelines, which reduced

base offense levels applicable to crack cocaine.  The court denied Porter's motion

because Amendment 706 did not affect his mandatory term of life imprisonment

under 21 U.S.C. § 841(b)(1)(A), even though he received a downward departure

under Fed.R.Crim.P. 35(b).  On appeal, Porter submits that the district court erred

in denying his § 3582(c)(2) motion, but he acknowledges that his position is

controlled by this Court's decision in United States v. Williams, 549 F.3d 1337

(11th Cir. 2008), and provides that he merely is preserving the issue in the event

the Williams is altered or reversed.  Porter submits that Williams was decided

wrongly because it overlooked that the Sentencing Commission used "guideline

range" as "a precise term of art," submitting that a "guideline range" is "wholly

distinct" from a "guideline sentence."  Porter also argues that Williams offends the

policy of encouraging defendants to provide substantial assistance.

"We review de novo a district court's conclusions about the scope of its

legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. James, 548 F.3d

983, 984 (11th Cir. 2008).  A district court may modify a term of imprisonment in

the case of a defendant who was sentenced to a term of imprisonment based on a

sentencing range that subsequently has been lowered by the Sentencing

Commission. 18 U.S.C. § 3582(c)(2).

As Porter concedes on appeal, the district court did not err in denying his § 3582(c)(2) motion because, even though he received a downward departure under Fed.R.Crim.P. 35(b), his sentence was based on the statutory minimum term of imprisonment, not his otherwise applicable range calculated under U.S.S.G. § 2D1.1. See U.S.S.G. § 1B1.10, comment. (n.1(A)); Williams, 549 F.3d at 1339-42 (holding that the district court did not have the authority to grant Williams a reduction because Amendment 706 had no effect on his statutory minimum term of imprisonment, which had become his guideline range, even though he received a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)).

Based on our review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**