[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

No. 09-10143
Non-Argument Calendar

_____

D. C. Docket No. 07-00048-CR-ORL-19DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD V. SMITH,
a.k.a. Ray-Ray,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2009)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Leonard V. Smith appeals from the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for a reduction in sentence based on Amendment 706

to the Sentencing Guidelines. On appeal, Smith argues that the district court erred in finding that it lacked jurisdiction to reduce his sentence. After careful review, we affirm.

In considering the district court's denial of a § 3582(c)(2) motion, we review the district court's legal conclusions de novo. United States v. Williams, 549 F.3d 1337, 1338-39 (11th Cir. 2008).

Section 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The commentary to the applicable guidelines policy statement provides that a reduction in sentence is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment. (n.1(A)).

In Williams, we held that a defendant who was originally sentenced based on a statutory minimum was not entitled to relief under Amendment 706. 549 F.3d at 1342. We reasoned that a defendant is not entitled to a reduction in sentence where his original guideline range was based on something other than the drug

2

quantity guideline, U.S.S.G. § 2D1.1. <u>Id.</u> at 1339. In Williams's case, his original guideline range was based on a 120-month statutory minimum sentence, rather than the drug quantity guidelines affected by Amendment 706. <u>Id.</u> at 1339-41. The fact that Williams had received a downward departure for substantial assistance did not change the outcome because that departure did not waive the statutory minimum. <u>Id.</u> Indeed, the point of departure, the statutory minimum, was unaffected by Amendment 706. <u>Id.</u> at 1340.

Smith's arguments are foreclosed by our opinion in <u>Williams</u>. The low end of Smith's original guideline range was based on a statutory minimum sentence of 60 months. This statutory minimum was unaffected by Amendment 706. Because Smith originally received a sentence below the statutory minimum due to his substantial assistance, Amendment 706 did not authorize a sentence reduction in his case. Moreover, the fact that Smith received a downward departure does not change the outcome because this departure did not waive the statutory minimum sentence. <u>See</u> <u>id.</u> at 1339-41.[1] Accordingly, the district court did not err in denying Smith's § 3582(c)(2) motion.

**AFFIRMED.**

---

[1] Nor it is significant that Smith's statutory minimum sentence was based on drug quantity, whereas the statutory minimum in <u>Williams</u> was based in part on prior drug convictions. In both cases, the statutory minimum effectively displaced the low end of the range calculated using the base offense levels in U.S.S.G. § 2D1.1.