[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17231
Non-Argument Calendar
_____

D. C. Docket No. 07-00018-CR-4-RH/WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC JAMES MILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 24, 2009)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Eric James Milton, proceeding pro se, appeals the district court's denial of

his motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and

Amendment 706 to the Sentencing Guidelines. After a thorough review of the record, we affirm.

Milton pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than five kilograms of cocaine and more than fifty kilograms of crack. Milton faced a mandatory minimum of life imprisonment for this offense. After the government filed a substantial assistance motion under U.S.S.G. § 5K1.1, which permitted the court to sentence Milton below the mandatory minimum provided by statute, the court sentenced Milton to 144 months' imprisonment.

Milton has now filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c), asserting that he was entitled to a reduction based on Amendment 706 and Fed. R. Crim. P. 35. The district court denied the motion. This appeal followed.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. United States v. Williams, 549 F.3d 1337, 1338-39 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a guideline range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Where the original sentencing range was

2

based on factors other than § 2D1.1, such as the application of a statutory mandatory minimum term of imprisonment, the court is not permitted to reduce the sentence under Amendment 706 because the amendment would not lower the applicable guidelines range. Williams, 549 F.3d at 1339-42. Further, "[a] district court's downward departure to a sentence . . . [does] not make Amendment 706 applicable" where the defendant was sentenced based upon a statutorily required minimum sentence, but received a § 5K1.1 downward departure. Id. at 1340.

Because Milton's sentence was based upon the applicable statutory mandatory minimum of life imprisonment, he was ineligible for a reduction under § 3582(c)(2) based upon Amendment 706. The fact that he received a downward departure based on § 5K1.1 does not alter this conclusion. Williams, 549 F.3d at 1340. Accordingly, we affirm the district court's denial of Milton's § 3582(c)(2) motion.

**AFFIRMED.**