[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16045
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:06-cr-80081-DTKH-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE RUMPH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 1, 2012)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Eddie Rumph, Jr., a federal prisoner convicted of distributing cocaine base, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). If, however, the amended guideline does not have the effect of lowering the defendant's sentencing range, the district court has no authority to reduce the defendant's sentence. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10(a)(2)(B). For this reason, a sentence reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n. 1(A).

Moreover, when a defendant is subject to a statutory mandatory minimum sentence, in a § 3582(c)(2) proceeding the district court must calculate the defendant's new guideline range as dictated by the mandatory minimum,

---

[1] "In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation marks omitted).

2

regardless of any downward departure during the original sentencing. See United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010) ("'[T]he guidelines range for a defendant subject to a statutory minimum would not be lowered by an amendment, even if the amendment would otherwise be applicable to the defendant.'" (quoting United States v. Williams, 549 F.3d 1337, 1341 (11th Cir. 2008)). As we explained in Williams, "the statutorily required minimum sentence effectively displaces the shorter sentence and becomes the guideline sentence for that individual." 549 F.3d at 1340. Thus, when a defendant is sentenced based on the statutory mandatory minimum, any substantial assistance reduction "would thereby be from the mandatory minimum rather than from the base offense level." Id.

Here, Rumph's § 3582(c)(2) motion is based on Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1 to conform to the Fair Sentencing Act of 2010. See U.S.S.G. App. C, amend. 750. Rumph's original 240-month sentence, however, was not based on § 2D1.1's drug quantity tables, but on the statutory mandatory minimum. See 21 U.S.C. §§ 841(b)(1)(A), 851; U.S.S.G. § 5G1.1(b) (providing that the statutory mandatory minimum is the guidelines sentence if it exceeds the otherwise applicable guidelines range). Although the district court subsequently

3

granted the government's Rule 35(b) substantial-assistance motion and reduced Rumph's sentence to 180 months, that reduction was from the statutory mandatory minimum. Thus, Amendment 750 did not lower Rumph's sentencing range.

There is also no merit to Rumph's argument that relies on a recent amendment to U.S.S.G. § 1B1.10(b)(2)(B). Generally, a district court granting a § 3582(c)(2) motion cannot reduce the defendant's prison term below the low end of the new, amended guidelines range. U.S.S.G. § 1B1.10(b)(2)(A). However, if, at the original sentencing, the defendant received a substantial assistance reduction below the defendant's original guidelines range and the defendant's guidelines range "has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided in 18 U.S.C. § 3582(c)(2)" and, under § 1B1.10(b)(2)(B), a comparable substantial-assistance reduction to "the amended guideline range" may be appropriate at resentencing. U.S.S.G. § 1B1.10(a)-(b).[2]

---

[2]Section 1B1.10 of the Sentencing Guidelines, as amended by Amendment 759 effective November 1, 2011, provides in relevant part:

**Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**

(a)    Authority.—

    (1)    In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided in 18 U.S.C. § 3582(c)(2).

4

The problem for Rumph is that § 1B1.10(b) does not create a new

guidelines range or amend Rumph's original guidelines range.  Section 1B1.10(b)

applies only after the district has concluded, under § 1B1.10(a), that (1) an

As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)      Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

. . .

(B)      an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

. . . .

(b)      Determination of Reduction in Term of Imprisonment.—

(1)      In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In make such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.—

(A)      Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B)      Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

. . . .

U.S.S.G. § 1B1.10(a)-(b).

5

amendment (here Amendment 750) lowered the defendant's guidelines range used at the original sentencing; and (2) it has authority to reduce the defendant's sentence as provided in § 3582(c)(2). Id. If the district court determines it lacks authority to reduce a sentence under § 3582(c)(2), the inquiry ends and subsection (b) does not come into play.

Here, Rumph's sentence was based on the statutory mandatory minimum, his substantial-assistance reduction was from that statutory mandatory minimum, and Amendment 750 had no effect on his guideline sentence of 240 months dictated by the statutory mandatory minimum. Thus, Rumph was not eligible for resentencing under § 3582(c)(2) and § 1B1.1(a), and therefore amended § 1B1.10(b)(2)(B) does not apply to him.

In sum, the district court did not have authority to reduce Rumph's sentence and properly denied his § 3582(c)(2) motion.

**AFFIRMED.**