[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16704
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00605-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE SCALES,
a.k.a. Andre Simms,
a.k.a. Anthony Johnson,
a.k.a. Dre,
a.k.a. Lo Coito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2009)

Before BLACK, CARNES and PRYOR, Circuit Judges:

PER CURIAM:

Andre Scales, a federal prisoner serving a life sentence for crack cocaine offenses, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. The district court denied Scales' motion because, among other reasons, he was sentenced to the statutory mandatory minimum sentence.

Scales was convicted of conspiracy and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and § 846. Before trial, the government filed a notice of its intent to seek enhanced penalties under 21 U.S.C. § 851 based on Scales' three previous convictions for drug offenses. For Scales, the enhanced penalty was a minimum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). Scales was convicted and sentenced to life imprisonment.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). The sentencing guidelines provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2)" if a retroactive amendment applies to the defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, cmt n.1(A). A defendant is not eligible for a sentence reduction under Amendment 706

when his sentence is based on a statutory mandatory minimum and not on the guideline range. See United States v. Williams, 549 F.3d 1337, 1339–40 (11th Cir. 2008).

Because Scales was subject to a statutory mandatory minimum sentence of life imprisonment, Amendment 706 has no effect on his sentencing range and he therefore is not eligible for a sentence reduction. See id. The district court therefore lacked the authority to reduce Scales sentence under § 3582.

**AFFIRMED.**