[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15104
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00317-CR-T-26TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN J. SMITH,
a.k.a. Steve,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 24, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Steven J. Smith appeals the district court's denial of his motion for a

sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). The district court concluded that Smith was not eligible for a reduction because his sentence was based on a statutory minimum term of imprisonment, such that Amendment 706, which reduced base offense levels applicable to crack cocaine offenses, had no effect on his guideline range. The court also declined to consider Smith's challenge to the validity of the government's original 21 U.S.C. § 851(a) notice, concluding that the issue was outside the scope of the § 3582(c)(2) proceeding.

On appeal, Smith generally argues that the district court erred in finding he was ineligible for a § 3582(c)(2) sentence reduction because the government's § 851 information was invalid. First, Smith submits that the district court did not have jurisdiction in his original sentencing hearing to impose the statutory minimum because the § 851 information incorrectly provided that he was "adjudged guilty and sentenced" for a juvenile drug charge in 1992, when in fact he was not adjudged guilty, the adjudication was withheld, and he was not sentenced or sanctioned as an adult. Second, Smith argues that even if the § 851 information was sufficient, his prior juvenile charge could not be used to trigger the statutory minimum because the adjudication was withheld and he was not convicted or sentenced as an adult. Finally, Smith argues that the court abused its discretion in failing to consider the factors in 18 U.S.C. § 3553(a), including his

2

post-conviction rehabilitation and the Guidelines's disparate treatment of crack and powder cocaine, and he submits that the Guidelines are advisory only after the Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in U.S.S.G. § 1B1.10, state that a sentence reduction is not authorized under § 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary elaborates that a reduction is not authorized if an applicable amendment does not lower a defendant's applicable guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment.

(n.1(A)).

The district court did not err in determining that Smith was ineligible for a § 3582(c)(2) reduction because his sentence was based on the statutory minimum term of imprisonment, not his otherwise applicable range calculated under § 2D1.1. See U.S.S.G. § 1B1.10, comment. (n.1(A)); United States v. Williams, 549 F.3d 1337, 1339-42 (11th Cir. 2008) (holding that the district court did not have the authority to grant Williams a reduction because Amendment 706 had no effect on his statutory minimum term of imprisonment, which had become his guideline range, even when he received a downward departure under U.S.S.G. § 5K1.1). Furthermore, the court properly declined to review the sufficiency of the government's § 851 information because it was outside the scope of the § 3582(c)(2) proceeding. See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (declining to address in a § 3582(c)(2) proceeding an Eighth Amendment argument and noting that § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues").

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.** [1]

---

[1] Smith's request for oral argument is denied.