[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2009
THOMAS K. KAHN
CLERK

_____

Nos. 08-16571 & 09-11167
Non-Argument Calendar

_____

D. C. Docket No. 95-00605-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO SALDANA,
a.k.a. Frank,
a.k.a. Frank Rivera,
a.k.a. Warren G,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 28, 2009)

Before EDMONDSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Francisco Saldana, who was sentenced to life imprisonment in 1996 after being convicted of drug trafficking offenses, appeals the district court's denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). Saldana based his motion on Amendment 706 to the United States Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. He contends that the court lacked jurisdiction to impose a sentence of life imprisonment because the government filed an inadequate 21 U.S.C. § 851 notice of enhancement before his original sentencing hearing.

The district court correctly denied Saldana's § 3582(c)(2) motion because his term of life imprisonment was based on the statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A). Thus Saldana was not eligible for a sentence reduction under Amendment 706 because that amendment does not lower his applicable guideline range. See United States v. Williams, 549 F.3d 1337, 1339–40 (11th Cir. 2008) (holding that a defendant sentenced the to statutory minimum was not eligible for a sentence reduction because Amendment 706 had no effect on his statutory minimum term of imprisonment); U.S.S.G. § 1B1.10, cmt. 1(A) (noting that a defendant is not eligible for a reduction if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of [a] statutory provision (e.g., a statutory mandatory minimum term of

imprisonment)"). Saldana's attempt to avoid this fact by attacking the sufficiency of the government's § 851 notice fails because § 3582(c)(2) proceedings are not <u>de novo</u> resentencings and, therefore, are not the proper avenue to present that type of challenge. See <u>United States v. Bravo</u>, 203 F.3d 778, 781-82 (11th Cir. 2000) (noting that "<u>all</u> original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing" and that § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues").[1]

**AFFIRMED.**

---

[1] Saldana also argues that the district court (1) erred by refusing to consider his post-sentencing conduct when deciding whether to reduce his sentence and (2) violated his Fifth and Sixth Amendment rights by finding him responsible for more than 4.5 kilograms of crack cocaine when the superseding indictment in his case alleged only a "detectable amount." These arguments are aimed not at whether Saldana is eligible for a reduction under Amendment 706 but instead at what amount of reduction would have been appropriate had he been eligible for one. Because he was not, however, <u>Williams</u>, 549 F.3d at 1339–40, we do not address them.