[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13100
Non-Argument Calendar

_____

D. C. Docket No. 04-00034-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC RICARDO BRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 2, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eric Ricardo Bright appeals *pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Bright argues that Amendment 706, reduced not only his base offense level, but also the applicable statutory minimum term of life imprisonment. *See* U.S.S.G. app. C, amend. 706 (2007).

## II. STANDARDS OF REVIEW

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam) (citation omitted).

## III. DISCUSSION

A district court may modify a sentence "in the case of a defendant who has been sentenced . . . *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2) (emphasis added). In such a case, the court may reduce the defendant's sentence after considering applicable § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction is not consistent with applicable policy statements and is not authorized if the retroactive amendment "does not have the effect of lowering the defendant's

2

applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The retroactive amendment at issue here is Amendment 706, which reduces the base offense levels for crack cocaine offenses sentenced under U.S.S.G. § 2D1.1. *See* U.S.S.G. app. C, amend. 706 (2007).

In a § 3582(c)(2) proceeding, a district court does not have unfettered authority to reduce a defendant's sentence. Instead, the court must determine the amended guideline range that would have been applicable to Bright if Amendment 706 had been in effect at the time Bright was sentenced. U.S.S.G. § 1B1.10 (b)(1). A court shall only substitute the amendments that have been listed for retroactive application and "shall leave all other guideline application decisions unaffected." *Id.* If the application of a retroactive amendment did not have the effect of lowering the defendant's sentencing range, then the district court has no jurisdiction to reduce a defendant's sentence. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

Here, the district court properly denied Bright's motion for relief under § 3582(c)(2) because his guideline range was not affected by Amendment 706. Instead, his sentence was based on the statutory minimum sentence of life imprisonment for recidivist offenders with two or more prior felony drug convictions. *See United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008)

3

(per curiam) (holding that a defendant was not eligible for a sentence reduction under Amendment 706 because he "was subject to a statutory mandatory minimum that replaced his original sentencing guideline range . . . ").

Furthermore, in this § 3582(c)(2) proceeding, Bright cannot challenge the district court's original sentencing determination that he was subject to the mandatory statutory minimum penalty. *See Bravo*, 203 F.3d at 781 (holding that, in § 3582(c)(2) proceedings, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing" (emphasis in original)).

Bright was subject to a statutory minimum that replaced the original sentencing guideline range to which Amendment 706 applies. As a result, his sentence was not "based on" the amendment. *See* 18 U.S.C. § 3582(c)(2). Accordingly, we affirm the district court's denial of Bright's § 3582(c)(2) motion to reduce his sentence.

**AFFIRMED.**