[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13300
Non-Argument Calendar

_____

D. C. Docket No. 03-00026-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL V. HUDGINS,
a.k.a. Chicken Earl,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 10, 2009)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Earl Hudgins, through counsel, appeals the district court's denial of his pro

se motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. On appeal, Hudgins argues that our decision in United States v. Williams, 549 F.3d 1337 (11th Cir. 2008), was incorrect because we held that statutory minimums change guideline sentence ranges. According to Hudgins, statutory minimums do not impact guideline ranges. Hudgins also argues that, because he provided substantial assistance, his sentence should be reduced for public policy reasons.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (citations omitted). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in § 1B1.10, state that a sentence reduction is not authorized under § 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary elaborates that a reduction is not authorized if an applicable amendment does not lower a

2

defendant's applicable guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)). Section 5G1.1 of the Sentencing Guidelines provides, "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Hudgins's guideline range was life imprisonment under 21 U.S.C. § 841(b)(1)(A), pursuant to § 5G1.1(b). The district court properly denied Hudgins's motion for relief under § 3582(c)(2) because his guideline range, which was based on the statutory minimum sentence of life imprisonment, was not affected by Amendment 706. Hudgins correctly concedes that our holding in Williams controls the outcome of the case. See Williams, 549 F.3d at 1342 (holding that a defendant was not eligible for a sentence reduction under Amendment 706 because he "was subject to a statutory mandatory minimum that replaced his original guideline range").

**AFFIRMED.**