[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2012
JOHN LEY
CLERK

No. 11-15637
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00313-GAP-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIJAH WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2012)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Elijah Williams appeals the district court's decision under 18 U.S.C.

§ 3582(c)(2) to reduce his sentence to 262 months imprisonment rather than an additional twenty-two month reduction to 240 months imprisonment. After careful review, we affirm.

In March 1996, Williams pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846. United States v. Williams, 318 F. App'x 859, 860 (11th Cir. 2009). At sentencing in May 1996, the district court found that the guideline range was 360 months to life imprisonment. Id. The court imposed a sentence of 360 months. Id. We affirmed. Id. In December 2007, following the adoption of Amendment 706 to the guidelines, Williams filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Id. In accordance with the amendment, the district court lowered Williams's offense level and imposed a sentence at the bottom of the recalculated guideline range of 324 to 405 months imprisonment. Id. We affirmed that ruling. Id. at 861.

In October 2011, in anticipation of Amendment 750 to the guidelines, the district court sua sponte ordered the parties to respond to its proposal that Williams's sentence be further reduced to 262 months imprisonment, based upon the probation officer's determination that the recalculated guidelines range is 262 to 327 months imprisonment. The government did not object to the district court's

proposed reduction. Williams, however, urged the district court to instead impose a sentence of 240 months imprisonment. On November 15, 2011, the district court rejected that request and, pursuant to Section 3582(c)(2), reduced Williams's sentence to 262 months imprisonment.

On appeal, Williams argues that the district court erred by not further reducing his sentence to 240 months. Williams emphasizes that under U.S.S.G § 1B1.1, after a district court determines the guideline range that would apply in light of the offense level and criminal history category, see U.S.S.G. § 1B1.1(a)(1)–(7), it must then identify the sentencing options available in light of U.S.S.G. § 5G1.1, see id. § 1B1.1(a)(8). Under U.S.S.G. § 5G1.1, "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Id. § 5G1.1(a).

According to Williams, the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), compels the conclusion that, under U.S.S.G. § 5G1.1(a), the statutory maximum for his offense is 240 months. Williams suggests that because this statutory maximum is below the guideline range of 262 to 327 months, the district court, in accordance with U.S.S.G. § 5G1.1(a), was required to reduce his sentence to 240 months. We are not

persuaded by this argument because it reflects the erroneous assumption that, in a Section 3582(c)(2) proceeding, a district court is free to revisit the statutory maximum for the purpose of U.S.S.G. § 5G1.1(a).

Section 3582(c)(2) states:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission has promulgated a policy statement to govern such sentence reductions. U.S.S.G. § 1B1.10 states:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (2011) (emphasis added).

As this provision makes clear, and as the Sentencing Commission's policy statement further confirms, "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3); accord Dillon v. United States, ___ U.S. ___, ___, 130 S. Ct. 2683, 2690 (2010) ("By its terms, §

4

3582(c)(2) does not authorize a sentencing or resentencing proceeding."). The directive that the district court "leave all other guideline application decisions unaffected," U.S.S.G. § 1B1.10(b)(1) (emphasis added), means that the district court here was required to adhere to its prior determination that the statutory maximum is life imprisonment. See also id. § 1B1.10 cmt n.2 ("All other guideline application decisions remain unaffected.").

It is true that, in order to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced" under U.S.S.G. § 1B1.10(b)(1), a district court must be mindful of any applicable statutory maximum. "The term 'guideline range' reflects the scope of sentences available," United States v. Williams, 549 F.3d 1337, 1340 (11th Cir. 2008), and just as a statutory minimum can effectively displace an otherwise applicable guideline range, see U.S.S.G. § 5G1.1(b); see also Williams, 549 F.3d at 1340–41 (noting that in certain cases involving statutory minimums, the "guideline range" can involve "only one number"), so can a statutory maximum, see U.S.S.G. § 5G1.1(a).

However, it is clear that, in the context of Section 3582(c)(2), this is only a theoretical concern for a defendant like Williams. Section 3582(c)(2) applies only when the Sentencing Commission adopts a retroactively applicable amendment

that lowers an otherwise applicable guideline range. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). After substituting the amendment for the guideline provision originally applied to the defendant, a district court must "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Thus, in the case of a defendant, like Williams, whose original sentence did not involve the application of U.S.S.G. § 5G1.1(a), it is simply not possible for the statutory maximum to be lower than the now, even lower guideline range.

Williams attempts to avoid the limitations of U.S.S.G. § 1B1.10(b)(1) by insisting that "the Constitution still applies." Williams thus appears to suggest that in light of Apprendi, the limitations in U.S.S.G. § 1B1.10(b)(1) must be treated as nonbinding or otherwise cast aside. We reject this argument as well. Both the Supreme Court and this Court have held that, in a Section 3582(c)(2) proceeding, the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), does not require a district court to treat the limitations in U.S.S.G. § 1B1.10(b) as nonbinding. Dillon, 130 S. Ct. at 2687; United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir. 2009). Given that Booker was an application of Apprendi, see Booker, 543 U.S. at 243–44, 125 S. Ct. at 755–56, we see no reason why Apprendi itself requires a district court to disregard the limitations of U.S.S.G. § 1B1.10(b)(1).

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**