[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15211
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20692-ASG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT HOWARD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 1, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Vincent Howard, proceeding *pro se*, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on retroactive Amendment 750 to the Sentencing Guidelines. Amendment 750 took effect on November 1, 2011, and repromulgated as permanent the temporary emergency Amendment 748, which, among other things, lowered the base offense levels for particular crack cocaine quantities listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. *See* U.S.S.G. App. C, Amends. 748, 750. For the reasons set forth below, we affirm.

## I.

In 2007, Howard was convicted by a jury on one count of possession with intent to distribute five grams or more of crack cocaine (Count 1), and one count of possession with intent to distribute cocaine (Count 2), all in violation of 21 U.S.C. § 841(a)(1). The probation officer compiled a presentence investigation report using the 2006 version of the Guidelines. In calculating Howard's guideline range, the probation officer initially assigned him a base offense level of 26 under U.S.S.G. § 2D1.1(c), based in part on the amount of crack cocaine involved in his offense. Two levels were added for his aggravated role in the criminal activity, resulting in a total offense level of 28. Based on his prior convictions, Howard qualified for a criminal history category of IV, which, combined with the offense level of 28, yielded a guideline range of 110 to 137

2

months' imprisonment.  The relevant statute provided a mandatory minimum sentence of 10 years for Howard's offense.

The probation officer also classified Howard as a career offender under U.S.S.G. § 4B1.1, leading to a guideline range of 360 months to life imprisonment, but the district court found that a career-offender sentence would be unreasonable and sentenced Howard to 137 months in prison, the high end of the original guideline range.  In 2008, Howard filed a § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 706 to the Guidelines, arguing that the amendment reduced his guideline range to 92 to 115 months' imprisonment.[1]  The district court granted Howard's motion, but only reduced his sentence to 120 months, as that was the statutory minimum for his offense.

Subsequently, Howard filed the instant § 3582(c)(2) motion to reduce his sentence, predicated on Amendment 750.  The district court denied Howard's motion on the ground that Amendment 750 did not lower his guideline range, as he was sentenced to the statutory minimum term of imprisonment.  Howard now appeals.

II.

---

[1]  Amendment 706, like Amendment 750, lowered the base offense levels for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c).  *See* U.S.S.G. App. C, Amend. 706.

We review *de novo* "the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation omitted).  Under § 3582(c)(2), where a defendant's term of imprisonment was based on a guideline range "that has subsequently been lowered by the Sentencing Commission," a district court has the discretion to reduce the sentence "if such a reduction is consistent with applicable policy statements" of the Guidelines.  18 U.S.C. § 3582(c)(2).  The applicable policy statement, found in U.S.S.G. § 1B1.10, lists those guideline amendments that may apply retroactively to reduce a sentence, and Amendment 750 (parts A and C only) is included in that list.  U.S.S.G. § 1B1.10(c).  However, a sentence reduction is not authorized if the listed amendment "does not have the effect of lowering the defendant's applicable guideline range" due to the operation of another guideline or a statutory provision, such as a mandatory minimum term of imprisonment.  *Id.* § 1B1.10(a)(2)(B); U.S.S.G. § 1B1.10, comment. (n.1(A)).

We have held that "a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum." *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010); *see also United States v. Williams*, 549 F.3d 1337,

4

1338-42 (11th Cir. 2008) (holding that a defendant was not eligible for a § 3582(c)(2) reduction under Amendment 706 because he was subject to a statutory minimum, even though he had received a downward departure from the mandatory minimum).

In this case, Howard was sentenced to a statutory minimum term of 10 years (120 months) in prison when the district court granted his first § 3582(c)(2) motion, and this term also became his guideline range.  *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Because Howard was sentenced on the basis of a statutory minimum, Amendment 750 had no effect on his guideline range, and the district court lacked jurisdiction to consider his § 3582(c)(2) motion.  *See Mills*, 613 F.3d at 1078; *Williams*, 549 F.3d at 1338-42; *see also* U.S.S.G. § 1B1.10(a)(2)(B) and comment. (n.1(A)).  Accordingly, we affirm.

**AFFIRMED.**