[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10115
Non-Argument Calendar
_____

D.C. Docket No. 3:92-cr-03067-RV-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSMOND HADDAD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 20, 2012)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Osmond Haddad, proceeding *pro se*, appeals the district court's denial of his

motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Because Amendment 750 to the Sentencing Guidelines does not alter Haddad's Guidelines range, we affirm the district court's denial of the motion.

We generally review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008) (per curiam). "However, where the issue presented involves a legal interpretation, our review is *de novo*." *Id.* at 1338–39.

At Haddad's original sentencing, the district court found that Haddad was accountable for a total of approximately 9.6 kilograms of crack cocaine. Consequently, his base offense level was 38. Given his criminal history category of I, Haddad's corresponding Guidelines range was calculated at 235–293 months. Haddad was sentenced to 265 months of imprisonment, and we summarily affirmed on appeal. *See United States v. Haddad*, 85 F.3d 643 (11th Cir. 1996) (table).

Amendment 750 revised the crack cocaine quantity tables to conform to the Fair Sentencing Act of 2010, which amended certain statutory minimum sentences for crack cocaine offenses. Amendment 750 was subsequently made retroactive by Amendment 759, thereby permitting defendants to move for sentence reductions under § 3582(c)(2) in appropriate circumstances. Amendment 750, however, did not alter the Guidelines range for a defendant who was originally found

2

responsible for more than 8.4 kilograms of crack cocaine.  U.S.S.G. § 2D1.1(c)(1) (setting a base offense level of 38 for a quantity of 8.4 kilograms or more of crack cocaine).  Accordingly, the applicable Guidelines range for a defendant who was originally accountable for a quantity of crack cocaine over 8.4 kilograms is unaffected by Amendment 750.  *Cf. United States v. Davis*, 587 F.3d 1300, 1303–04 (11th Cir. 2008) (per curiam).

Haddad, having originally been held responsible for approximately 9.6 kilograms of crack cocaine, fits into the category of individuals whose Guidelines range is unaltered by the recent amendments to the Sentencing Guidelines. Therefore, the district court correctly determined that a sentence reduction was not appropriate under § 3582(c)(2), since Haddad's applicable Guidelines range remained the same after Amendment 750 became retroactive.  To the extent that Haddad now contests the quantity of crack cocaine for which he was held responsible at his original sentencing, a § 3582(c)(2) motion is not the appropriate vehicle to rehash the district court's previous factual determinations.  *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (reiterating in the context of a § 3582(c)(2) motion that "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").

**AFFIRMED.**

3