[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10791
Non-Argument Calendar
_____

D.C. Docket No. 4:04-cr-00025-SPM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR LEE JONES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 14, 2013)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Arthur Lee Jones, appearing pro se, appeals the denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act (FSA). We review de novo a district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). After a thorough review of the parties' briefs and the record on appeal, we affirm.

In 2004, Jones pleaded guilty to one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base; he was held responsible for 597.9 grams. At the time of sentencing, Jones faced a guidelines range of 292 to 365 months and a statutory mandatory minimum of 20 years to life. The government filed a substantial assistance motion, and Jones was ultimately sentenced to 186 months, roughly 64% from the low end of the guideline range.

In 2008, Jones filed a pro se motion for a § 3582(c)(2) reduction relying on Amendment 706 to the United States Sentencing Guidelines. Because Amendment 706 lowered Jones's base offense by two levels, his new guideline range was 240 to 293 months. The district court granted Jones's motion and reduced his sentence

2

to 149 months' imprisonment, which was 64% of the low end of the amended guideline range.[1]

Jones filed the instant § 3582(c)(2) motion in 2012. Relying on Amendment 750, Jones requested a 57-month reduction in his guideline range and a new sentence within the amended range. The government opposed Jones's motion, arguing that the bottom of the applicable guidelines range was determined by the 240-month statutory mandatory minimum. Because the 240-month statutory mandatory minimum still applied, Jones's guideline range had not been lowered by Amendment 750 and the district court lacked jurisdiction to lower his sentence. The district court agreed and denied Jones's motion.

We agree with the district court and therefore affirm. Section 3582(c)(2) does not provide a basis for a de novo resentencing. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). We have held that § 3582(c)(2) only provides a district court with the discretion to reduce a sentence that was based on a sentencing range that has been lowered by the Sentencing Commission. *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008). Where a retroactively applicable Guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the court is not

---

[1] Following Jones's 2008 sentence reduction, we ruled that Amendment 706 was inapplicable to cases involving a guideline range which was lower than the mandatory minimum. *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010); *see United States v. Williams*, 549 F.3d 1337, 1341 (11th Cir. 2008) (per curiam)

3

authorized to grant a sentence reduction pursuant to § 3582(c)(2). *United States v. Hippolyte*, 712 F.3d 535, 540, 542 (11th Cir.), *cert. denied*, __ St. Ct. __, 2013 WL 3063110 (Oct. 7, 2013). The FSA does not apply retroactively to reduce the statutory mandatory minimum for someone sentenced prior to its enactment. *Id.* at 542.

Here, Jones's 240-month statutory mandatory minimum became the bottom of his guideline range when he filed his first § 3582(c)(2) motion. Thus, it remained the bottom of his guideline range when he filed his second § 3582(c)(2) motion, and the FSA did not alter the statutory mandatory minimum. Consequently, the district court could not reduce Jones's sentence under §3582(c)(2). *See* 18 U.S.C. § 3582(c)(2); 21 U.S.C. § 841(b)(1)(a); *Hippolyte*, 712 F.3d at 540, 542.

**AFFIRMED.**