[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12045
Non-Argument Calendar
_____

D.C. Docket No. 9:00-cr-08075-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LELIO DELVA,
a.k.a. Lelio Delua,
a.k.a. Noel Romial,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 20, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lelio Delva appeals the denial of his motion to reduce his sentence.  See 18 U.S.C. § 3582(c)(2).  Delva sought a reduction under Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010.  We affirm.

Delva's arguments are foreclosed by our precedent.  We have held that defendants, like Delva, whose sentences are based on the mandatory minimum guideline, see United States Sentencing Guidelines Manual § 5G1.1(b); 21 U.S.C. § 841(b)(1)(A), not on the drug quantity tables, see U.S.S.G. § 2D1.1, are ineligible for a reduction of their sentence under Amendment 750.  See United States v. Mills, 613 F.3d 1070, 1074–79 (11th Cir. 2010); United States v. Williams, 549 F.3d 1337, 1340 (11th Cir. 2008).  Delva also cannot obtain relief under the Fair Sentencing Act.  The Act "is not a guidelines amendment by the Sentencing Commission . . . [that can] serve as a basis for a . . . sentence reduction," and does not apply to Delva because he was sentenced before the Act became effective on August 3, 2010.  See United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013); United States v. Berry, 701 F.3d 374, 376–78 (11th Cir. 2012).

We **AFFIRM** the denial of Delva's motion to reduce his sentence.